IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.F.,

    Plaintiff,

v.                                                                               Civ. No. 23-879 KG/GBW

G6 HOSPITALITY, LLC,

    Defendant.

## ORDER DENYING MOTION TO STRIKE

THIS MATTER comes before the Court on Defendant's Motion to Strike Plaintiff's Motion for Discovery to be Reopened. *Doc. 172*. In its Motion, Defendant argues that Plaintiff's Motion for Discovery to be Reopened (*doc. 170*) should be struck for violating Court Orders (*see docs. 160, 165*) and Rule 6(b). *See doc. 172* at 1; Fed. R. Civ. P. 6(b)(1)(A). The matter has been fully briefed. *See docs. 172, 174, 175*. Being fully advised, the Court will DENY the motion.

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). By its express language, Rule 12(f) only applies to material contained in a "pleading." Pleadings are defined in Rule 7 and do not include a motion to reopen discovery. *See* Fed. R. Civ. P. 7(a). This Court has found that "'[o]nly material included in a 'pleading' may be the subject of a motion to strike, and

courts have been unwilling to construe the term broadly.  Motions, briefs [or] memoranda, objections, or affidavits may not be attacked by the motion to strike.'" *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 634 (D.N.M. 2013) (citation omitted).

Even assuming the Court has the discretion to strike material not contained in a pleading, the Court declines to do so here.  Striking is a "drastic remedy" and motions to strike are "generally are disfavored."  *Id.* at 631 (citation omitted).  While Plaintiff's Motion could very well be considered untimely under Rule 6(b), Defendant has not shown that the Motion should be stricken on this basis.  The Court will consider the timeliness of Plaintiff's Motion when determining whether it should be granted.

**IT THEREFORE ORDERED** that Defendant shall file a response to Plaintiff's Motion for Discovery to be Reopened (*doc. 170*) no later than **Monday, February 9, 2026.** Defendant should limit its response to issues unrelated to timeliness as the Court has been sufficiently briefed on that issue.  The Court will consider the timeliness of the Motion as a potential basis for denial when the matter is fully briefed.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE