IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.F.,

      Plaintiff,

v.                                 Civ. No. 23-879 KG/GBW

G6 HOSPITALITY, LLC

      Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR DISCOVERY TO BE REOPENED**

THIS MATTER comes before the Court on Plaintiff's Motion for Discovery to be

Reopened. *Doc. 170.* Having reviewed the parties' briefing, *docs. 172, 174, 175, 178, 179,*

*180*, and being fully advised, the Court will GRANT IT in part and DENY IT in part.

**I.      BACKGROUND**

Plaintiff filed suit in this Court on October 6, 2023, bringing claims under the

Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595, based on alleged

sex trafficking at a G6 property in New Mexico. *Doc. 1.* General discovery in the case

closed on July 18, 2025.[1] On November 4, 2025, Defendant informed Plaintiff that it

---

[1] There is some confusion about the closing date of discovery in the record. In the Court's Order Granting Second Joint Motion for Extension of Time to Complete Discovery, *doc. 78*, the termination date of discovery was extended to July 18, 2025. *Id.* at 1. In Defendant's Unopposed Motion to Amend and Extend Certain Case Management Deadlines, *doc. 106*, the parties requested that the termination date of *expert discovery* be moved from July 18, 2025, to August 29, 2025. *Id.* at 1. The Court approved this extension and ordered that the parties would have until August 29, 2025, to complete expert discovery. *Doc. 107*. On September 16, 2025, the parties jointly requested a 52-day extension of the discovery deadline from August 29, 2025, to October 20, 2025. *Doc. 125* at 1. In their attached proposed order, the

1

would be making supplemental production of approximately 400 documents pursuant to its obligations under Rule 26(e)(1)(A). *Doc. 159* at 2; *see also* Fed. R. Civ. P. 26(e)(1)(A) (stating that a party who has made a disclosure or responded to a discovery request must supplement its response in a timely manner if the party learns that the disclosure was materially incomplete or incorrect). On November 5, 2025, Defendant produced the supplemental documentation and on November 11, 2025, Defendant produced an amended privilege log. *See doc. 170* at 3; *doc. 178* at 3. While there is some debate between the parties about how much new information was revealed by the late disclosures and the necessary time it would take to review them, the parties agree that Defendant provided approximately 370 documents after the close of discovery. *See docs. 153-3, 159-1*.

On November 26, 2025, Plaintiff moved for a 60-day stay or extension on all dispositive motions to review the belatedly produced documents. *Doc. 153*. The Court held a hearing on December 10, 2025. *Doc. 160*. At the hearing, Plaintiff's counsel showed four new documents that allegedly indicated some awareness of human trafficking on the part of Defendant. *Id.* at 2. Plaintiff's counsel also argued that belatedly produced documents in a companion case, *A.W. v. Red Roof Inns, Inc. et al*, No.

---

language read that "the discovery deadline, set forth in ECF No. 107, is extended." *Doc. 125-1*. The corresponding Order stated that "[t]he parties' joint motion to extend the discovery deadline to October 20, 2025," was granted with no reference to the fact that the initial extension set forth in *doc. 107* had been for expert discovery. *Doc. 136*. These timing complications are largely irrelevant to the motion at hand as regardless of when general discovery concluded (July 18, August 29, or October 20), Defendant's supplemental disclosures occurred later.

2:21-cv-04934 (S.D. Ohio), impacted *A.F.*'s case before this court.  *See doc. 153* at 4-5; *doc. 160* at 2; *doc. 170* at 1-3; *doc. 178* at 1-2.  At the hearing, the Court ruled that Plaintiff would have until January 16, 2026, to file a motion to reopen discovery.  *Doc. 160* at 4; *doc. 165* at 2.

On January 19, 2026, Plaintiff filed the present Motion to Reopen Discovery.  *Doc. 170*.  In it, Plaintiff requested that the Court (1) reopen the 30(b)(6) deposition, limited to the discussion of newly produced documents and the underlying topics;[2] (2) allow Plaintiff to take the deposition of a third-party investigator, Mr. Ciceroni ("Mr. C");[3] (3) allow Plaintiff to take the depositions of Joe Amorosia and Farah Bhayani, G6's CEO and general counsel; (4) order that Defendant produce the "hard copy investigation reports for human trafficking and/or prostitution for the relevant time periods"; (5) order that Defendant search and produce the "custodial files" of Joe Amorosia and Farah Bhayani; (6) allow for privilege log challenges in both the present case and *A.W.*, the companion case in Ohio; and (7) allow experts to use the new evidence to supplement their reports.[4]  *Doc. 170* at 5-9; *see also doc. 170-3; doc. 170-4; doc. 174* at 2; *doc. 179* at 10.  Defendant argues that all these requests are futile attempts to delay Plaintiff's

---

[2] Plaintiff initially asked for three-hour depositions, *see doc. 172-3* at 2; *doc. 174* at 2, but now appears to request four-hour depositions, *see doc. 179* at 10.

[3] Mr. Ciceroni's name is sometimes spelled "Ciceroine" in the pleadings.  *See doc. 174* at 2, *170-4* at 3.  He is also sometimes referred to as "Mr. Cicerelli."  *Doc. 170-5* at 3.

[4] Plaintiff also seemed to originally request a one-hour deposition of Victor Glover, *see doc. 172-3* at 2, *doc. 174* at 2, but that request was not included in the body of Plaintiff's Motion to Reopen Discovery, *doc. 170*, nor in Plaintiff's Reply, *doc. 178*.

response to Defendant's Motion for Summary Judgment, *doc. 130,* and should therefore be denied. *Doc. 178.*

## II.     LEGAL STANDARD

The district court has broad discretion over the management of discovery, including whether to extend discovery beyond its close. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In determining whether discovery should be reopened, the Court should consider a variety of factors, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (citations omitted).

## III.    ANALYSIS

### a.  Timeliness

As a preliminary matter, the Court will not dismiss Plaintiff's motion outright on timeliness grounds, as sought by Defendant. *See docs. 172, 175.* While Plaintiff's motion was filed three days after the deadline imposed by the Court, *see doc. 165,* the Court finds that the delay is not prejudicial to Defendant, does not negatively impact or seriously delay the proceedings, and can be characterized as reasonably outside of Plaintiff's control. *See doc. 174* at 4-6 (asserting that the document was filed late due to

4

serious illness and car trouble during a preplanned vacation out of state); *see also Taitt-Phillip v. Lockheed Martin Corp.* 2022 WL 1262217, at *2 (D.N.M. Apr. 28, 2022) (outlining the standard for a finding of excusable neglect).  Because Plaintiff's counsel has arguably made out a case for excusable neglect, the Court will proceed to the merits of the argument.  However, counsel is warned that continued late filing may result in summary denials of future motions.

        **b.  The *A.W.* Case**

Much of Plaintiff's motion relies on documents produced in a separate matter, *A.W. v. Red Roof Inns, Inc. et al*, No. 2:21-cv-04934 (S.D. Ohio).  *See generally doc. 170.* Plaintiff asserts that discovery should be reopened in part because Defendant belatedly produced approximately 1,800 documents in *A.W.* and the parties agreed to cross notice the depositions.  *See id.* at 2-3.  The Court disagrees.

On April 18, 2025, Defendant's counsel emailed Plaintiff's counsel to inquire about cross noticing depositions in both *A.W.* and *A.F.  Doc. 170-2.*  The depositions were thereafter cross noticed, and the parties were able to use the deposition transcripts in both cases.  *Doc. 170* at 2; *doc. 178* at 5.  Plaintiff's counsel alleges that "[b]ecause exhibits could come from either production, the Parties used *A.W.* the case to work towards getting the necessary relevant documents produced."  *Doc. 170* at 2.  Plaintiff did not seek to have the same documents produced in *A.F.* because of the agreement to

5

cross notice.  *Id.*  As a result "the *A.W.* case has many more relevant documents than

*A.F.*"  *Id.*

Notwithstanding the challenge this organizational choice poses for Plaintiff's

counsel, it is unclear why documents in *A.W.* should form a basis to reopen discovery in

the instant case.  There is no joint *A.F./A.W.* discovery.  As noted by both parties,

counsel never agreed to make all documents across both cases interchangeable.  *Docs.*

*178* at 5; *doc. 179* at 5.  There was never a guarantee that documents from *A.W.* would be

allowed in *A.F.*  This reality should have been especially apparent given that the two

cases have different scopes of discovery, *see doc. 178* at 6, and there is a protective order

in place in *A.W.* which restricts the use of *A.W.* documents to that case *alone* absent

permission from the Southern District of Ohio, *see doc. 178* at 6; *doc. 179* at 5; *doc. 178* at

6.

In short, *A.W.* and *A.F.* are two separate cases, regardless of any agreements to

cross notice depositions.  Whatever document sharing occurred in the name of

"efficiency" in the two cases was not a result of Court orders, nor even a comprehensive

discovery-sharing agreement between the parties.  Documents belatedly produced in

*A.W.,* a separate case, do not compel the reopening of discovery in this case.  As such,

the Court will consider only the supplemental *A.F.* documents when determining

whether to grant Plaintiff's discovery requests.

      **c.  Hard-Copy Investigation Reports and "Discovery on Discovery"**

One reason Plaintiff seeks to reopen discovery is to obtain the "hard copy investigation reports for human trafficking and/or prostitution." *Doc. 170* at 6. Plaintiff states that these investigation documents were first identified in the deposition of Mark VanBeest and were requested by Plaintiff but were never produced by Defendant. *Id*. Plaintiff alleges that the newly produced *A.F.* documents include information that should help Defendant locate the reports. *Id*.

Given the request for and apparent relevance of the hard-copy investigation reports, Plaintiff is entitled to them. *See* Fed. R. Civ. P. 26(b)(1) (parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). If the newly supplemented documents provide an investigatory avenue to further search for the reports, Defendant is obligated to pursue it and supplement discovery with what is discovered. *See* Fed. R. Civ. P. 26(e)(1)(a).

However, this category of Plaintiff's request to reopen discovery is seeking to conduct discovery about the methods that Defendant used to search for the binders. In other words, Plaintiff is seeking to reopen discovery to conduct "meta discovery" or "discovery on discovery." Such discovery is generally disfavored by courts "in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Dalton v. Town of Silver City*, 2021 WL 4307149, at *5 (D.N.M. Sept. 22, 2021). Based on the record before the Court, there is insufficient reason to doubt the

7

sufficiency of Defendant's discovery responses heretofore.  Consequently, the Court

will not reopen discovery for this purpose at this time.

Accordingly, the Court will order Defendant to reevaluate its search for the hard-

copy investigative reports with the assistance of the newly-supplemented documents

(and any other new information they may possess) and produce them for the relevant

time periods if they exist and can be located.  If Plaintiff believes that Defendant fails to

search for the hard-copy investigation reports in good faith, she can separately move for

sanctions or other appropriate remedy.

### d.  30(b)(6) Deposition

Plaintiff requests that the Court reopen discovery so that she can "reopen the

30(b)(6) deposition, limited to the discussion of newly produced documents and the

underlying topics."  *Doc. 170* at 5.  While Plaintiff does not list the precise documents

that justify this request in her motion, a selection was presented to the Court at the

hearing held on December 10, 2025.  *Doc. 160*.  The documents presented to the Court

included (1) a budgeting document from 2015 with references to human trafficking, (2)

a "STARS" insurance claims report that has references to prostitution, (3) an email from

the hotel's head of safety/security in which he asked for more training regarding human

trafficking, and (4) a safety and security report that shows guest privacy and safety on a

8

continuum and allegedly shows a shift in Defendant's priorities.  *See* Motion Hearing 6:54–16:30, *A.F. v. G6 Hospitality, LLC*, 1:23-cv-00879 KG/GBW (D.N.M. Dec. 10, 2025).[5]

The Court finds that Plaintiff has shown a need to reopen the 30(b)(6) deposition: trial is not imminent, and while reopening the 30(b)(6) deposition will incur additional time and expenses and may therefore cause some prejudice to Defendant, there is a colorable claim that additional discovery will lead to relevant evidence.  *See, e.g.,* *Spacecon Specialty Contractors, LLC. v. Bensinger*, 2010 WL 4823056, at *4 (D. Colo. Nov. 15, 2010) ("Because relevancy during the discovery process is broadly construed, the Court agrees with Plaintiff that deposing [the witness] is likely to yield relevant evidence.").  Defendant opposes the motion, but these documents were belatedly produced and there is no evidence that Plaintiff was not diligent.  As such, the *Smith* factors support reopening the 30(b)(6) deposition for the limited purpose of exploring the newly produced documents in *A.F*.  *See Smith,* 834 F.2d at 169.

The Court does, however, find that the requested additional four-hour 30(b)(6) deposition would be excessive.  *Doc. 179* at 10.  As such, the Court will allow the 30(b)(6) deposition to be reopened for two (2) hours.  The additional time will be focused solely on the newly produced documents in *A.F., **not** A.W.*

---

[5] The Motion Hearing citation refers to an audio recording of the December 10, 2025, hearing (*doc.* 160) stored on the Court's Liberty system.  Neither the audio recording nor a transcript is currently available on CM/ECF; however, any party may obtain the recording through the Court's records department and have it transcribed.

### e. Deposition of Mr. Ciceroni ("Mr. C")

Plaintiff also seeks to reopen discovery to take the deposition of third-party investigator Mr. Ciceroni ("Mr. C"). *Doc. 170* at 7. Mr. C allegedly "compiled reports for instances of human trafficking and prostitution." *Id.* Plaintiff was first made aware of Mr. C's existence during the May 2, 2025, deposition of Mark VanBeest. *Id.*; *see doc. 170-5* at 1-2. Plaintiff alleges that she never sought Mr. C's deposition because no investigation documents were ever produced. *Doc. 170* at 7.

Considering the *Smith* factors, the Court finds that a late-stage deposition of Mr. C would be inappropriate. "In the Tenth Circuit and many of its sister circuits, the fourth *Smith* factor—the movant's diligence—is paramount." *City of Las Cruces v. United States*, 2021 WL 5207098, at *47 (D.N.M. Nov. 9, 2021) (citations omitted). The Court finds that Plaintiff was not diligent in conducting discovery regarding Mr. C. Plaintiff was on notice of the third-party investigator and his reports on May 2, 2025, *see doc. 170-5* at 1-2, long before the close of discovery, yet she made no attempt to depose him. Courts have found a lack of diligence when party could have easily obtained discovery on a subject but chose not to do so. *See, e.g., Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 441 (D.N.M. 2015).

While trial in this case is not imminent, allowing a deposition of Mr. C would create more costs and delay; defendant opposes the relief sought; and Plaintiff was not

diligent in conducting the deposition before the close of discovery.  As such, the *Smith* factors counsel against allowing this deposition.

### f.  Custodial Files and Depositions of Joe Amorosia and Farah Bhayani

Plaintiff also requests production of the custodial files of Joe Amorosia and Farah Bhayani and to take their depositions.  *Doc. 170* at 8.  Plaintiff alleges that the request is justified because although she "did not immediately seek the production of Mr. Amorosia's custodial file and his deposition," that was only because Defendant represented that "he was not involved in the issue of human trafficking at the granular level, and not a key player when it came to Defendant G6's response to prostitution and trafficking instances."  *Id.*  Plaintiff alleges that newly produced documents establish Mr. Amorosia as a "key player" and that "Defendant G6's representations regarding Mr. Amorosia's involvement in human trafficking were wrong."  *Id.*  Plaintiff makes the same argument as it concerns Ms. Bhayani.[6]  *Id.* at 9.

To begin, while Plaintiff states that Defendant "represented" that Mr. Amorosia and Ms. Bhayani were "not involved in the issue of human trafficking at the granular level," she does not reveal (1) who made the representation, (2) when that representation was made, or (3) any specifics about what exactly was said.  *See id.* at 8. Defendant submits that Plaintiff had notice of Mr. Amorosia's and Ms. Bhayani's

---

[6] Plaintiff consistently refers to Ms. Bhayani as "Mr. Bhayani" in her motion.  *See doc. 170* at 8-9. However, Plaintiff corrected her error in subsequent filings.  *See doc. 180* at 1.

existence long before the November supplementation. *Doc. 178* at 12. Without more information, the alleged misrepresentations about Mr. Amorosia and Ms. Bhayani's involvement cannot defeat an apparent lack of diligence in conducting discovery.

Plaintiff also concedes that most documents that "justify this request" come from the *A.W.* production. *Doc. 170* at 8. As explained above, the Court will not consider the *A.W.* documents as a justification for continued discovery in *A.F.* This exclusion leaves only five new documents that allegedly relate to Mr. Amorosia and Ms. Bhayani and only general assertions about what new information they contain. *Doc. 180* at 1-2. Again, considering the *Smith* factors, Plaintiff has not established that discovery should be reopened on this basis. There is little information that demonstrates the likelihood that these files and depositions will lead to relevant evidence seeing as there were only five allegedly relevant new documents produced in *A.F. Id.* Further, Plaintiff has not provided enough evidence to refute Defendant's claim of a lack of diligence. *See doc. 178* at 12. As such, the Court declines to reopen discovery on the custodial files and depositions of Joe Amorosia and Farah Bhayani.

## g. Privilege Log Challenges

Plaintiff claims that she should be "allowed to challenge the new privilege logs provided in *A.F.* and *A.W.*" *Doc. 170* at 9. Defendant objects to this request as untimely. *Doc. 178* at 9-10. The Court agrees.

Regarding *A.W.*, this Court cannot grant permission to challenge a privilege log in separate case.  Concerning *A.F.*, Local Rule 26.6 provides that "[a] party served with objections to: an interrogatory; request for production or inspection; or request for admission must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection" and that "[f]ailure to proceed within this time period constitutes acceptance of the objection."  D.N.M.LR-Civ. 26.6.  "A privilege log is essentially an objection to a request for production: it is a list of documents that a party objects to disclosing on the basis that the documents are privileged."  *Dentsply Sirona Inc. v. Edge Endo, LLC*, 2019 WL 4816213, at *2 (D.N.M. Oct. 1, 2019); *see also Sedillo Elec. v. Colo. Cas. Ins. Co.*, 2017 WL 3600729, at *7 (D.N.M. Mar. 9, 2017) (finding that a challenge to a privilege log is subject to Local Rule 26.6).  Defendant's amended privilege log was produced November 11, 2025.  *Doc. 170* at 3.  As such, Plaintiff had until December 2, 2025, to challenge any privilege designations appearing in the new documents.

Plaintiff asserts that she "challenged the log within 21 days of the de-designated documents being produced."  *Doc. 170* at 9.  She is presumably referring to the Expedited Motion for a 60-Day Stay or Extension of Briefing on Dispositive Motions, filed November 26, 2025.  *See doc. 153*.  In that motion, Plaintiff stated that she "has challenged some of the privilege designations and also plans to challenge all of the

redactions made without explanation."[7]  *Id.* at 5.  This language indicates that the motion itself was not meant to be the objection.  Further, the motion did not attach a copy of the objectionable document and Defendant's response as required by Local Rule 37.1.

Because Plaintiff did not properly challenge Defendant's updated privilege log within the period allowed by the local rules, she has accepted the objections.  D.N.M. LR-Civ. 26.6.  Further, she has not shown good cause for why the Court should extend the objections period.  *See id.* (permitting the court to extend the 21-day period "[f]or good cause").  Therefore, the Court will deny Plaintiff's request for privilege log challenges.

### h.  Expert Supplementation

Further, Plaintiff requests that the Court allow for expert supplementation on additional discovery.  Because the Court is granting Plaintiff's motion in part and allowing the 30(b)(6) deposition to be reopened, Plaintiff's experts may use the re-opened deposition, and the approximately 370 documents newly produced in *A.F.* to supplement their reports if necessary.

### i.  Delay to Summary Judgment Motion Response

---

[7] Though Plaintiff claimed to have challenged some of the privilege designations, she never filed an official motion to compel under Local Rule 37.1.  The last motion to compel was filed on the docket in September of 2024, *see doc. 57*, which was before Defendant even served their initial privilege log, *see doc. 178* at 10.

Finally, Plaintiff requests a delay in responding to the pending motion for summary judgment. *Doc. 180* at 10. At this time, such a request is not ripe. Plaintiff's response is not due until her pending Rule 56(d) motion has been resolved. *See doc. 165* at 1. The ruling on that motion may moot any request for a further delay in responding to the summary judgment motion. In any event, a request for such an extension should be made to the presiding judge after resolution of the 56(d) motion. Consequently, the undersigned will deny it without prejudice.

IV.    **CONCLUSION**

For the foregoing reasons Plaintiff's Motion for Discovery to be Reopened (*doc. 170*) is GRANTED in part and DENIED in part. IT IS ORDERED that:

1. Defendant shall utilize any relevant information in the newly-produced documents to further search for any existing hard copy investigation reports for human trafficking and/or prostitution for the relevant time periods and produce any reports discovered to Plaintiff within **21** days of entry of this Order. Plaintiff shall provide Defendant with the information she claims will aid in finding the documents within **7** days of entry of this Order.

2.  Within **30** days of entry of this Order, Plaintiff shall complete a 2-hour deposition of Defendant's 30(b)(6) deponent regarding only the newly produced documents in the *A.F.* case.

3.  Within **14** days of the re-opened 30(b)(6) deposition, Plaintiff's experts

    may supplement their reports with the new deposition transcript and the

    approximately 370 documents supplemented by G6 in the *A.F.* case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE