IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.F.,

      Plaintiff,

v.                                                        1:23-cv-00879-KG-GBW

G6 HOSPITALITY LLC,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for an extension of time to complete discovery under Federal Rule of Civil Procedure 56(d), Doc. 168, and the Government's response, Doc. 169. For the reasons below, Plaintiff's motion is granted.

### I.    *Background*

Plaintiff filed this action on October 6, 2023, asserting claims under the Trafficking Victims Protection Reauthorization Act ("TPVA"), 18 U.S.C. § 1595, based on alleged sex trafficking at a G6 property in New Mexico. Doc. 1. General discovery closed on July 18, 2025. Doc. 182 at 1. On October 10, 2025, Defendant moved for summary judgment. Doc. 130.

On November 5, 2025, Defendant produced approximately 370 supplemental documents. *See* Doc. 182 at 2. In light of this voluminous production, the Magistrate Judge authorized limited additional discovery. *See* Doc. 182. Specifically, the court ordered that: (1) Defendant search for and produce any responsive hard-copy investigation reports within 21 days; (2) Plaintiff complete a two-hour continuation of Defendant's Rule 30(b)(6) deposition within 30 days, limited to the newly produced documents; and (3) Plaintiff's experts may supplement their reports within 14 days after the deposition. *Id.* at 15–16.

1

Plaintiff now moves under 56(d) for additional time to respond to Defendant's motion for summary judgment.  Doc. 168.  Plaintiff asserts that she is unable to present facts essential to oppose summary judgment because she "never saw" thousands of pages of late-produced discovery materials "until the summary judgment motion had been filed."  Doc. 168-1 at 1, 3. Plaintiff claims that she "requested these documents" during discovery, but Defendant withheld them "until the eleventh hour."  *Id.* at 3–4.  She contends that this production includes "smoking gun documents" related to Defendant's knowledge of alleged sex trafficking.  *Id.* at 2–3. Therefore, Plaintiff contends that she requires additional time to incorporate the newly produced materials into the record, through document review, limited deposition testimony, and supplementation of expert opinions.  *Id.*

## II.    *Standard of Review*

"[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006).  If the opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court can defer or deny the motion or allow time for discovery.  Fed. R. Civ. P. 56(d).  The affidavit must "explain[ ] why facts precluding summary judgment cannot be presented," which requires the party "identify[ ] (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment."  *Valley Forge Ins. v. Health Care Mgmt.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation marks omitted).  Although relief is not automatic,

2

Rule 56(d) motions "should ordinarily be treated liberally." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network*, 17 F.4th 22, 34 (10th Cir. 2021).

### III.    *Analysis*

Plaintiff has met her burden to establish that she cannot, at this time, present facts essential to justify her opposition to Defendant's motion for summary judgment.  The record reflects that the materials at issue were produced after the close of discovery and after the filing of the summary judgment motion, and Plaintiff could not have incorporated this information into her opposition earlier through the exercise of diligence.  *See* Doc. 168-1 at 1–3.  Moreover, the late-produced materials appear to bear directly on issues raised in Defendant's motion, including its knowledge of sex trafficking on its property and related policies.  *Id.*  At the time Plaintiff filed her Rule 56(d) motion, she had not had a meaningful opportunity to review these materials or to test them through discovery.  Requiring Plaintiff to respond to summary judgment without that opportunity would risk resolution of the motion on an incomplete factual record.

Therefore, Plaintiff is entitled to a limited deferral of her response to Defendant's motion for summary judgment to complete discovery and incorporate it into her opposition.  The Magistrate Judge has addressed the scope of appropriate follow-up discovery and authorized limited additional discovery.  *See* Doc. 182.  That ruling defines the extent of discovery warranted considering Defendant's late production.  *Id.* at 15–16.

### IV.    *Conclusion*

For the reasons above, the Court orders:

1.  Plaintiff's motion for an extension of time under Rule 56(d), Doc. 168, is granted.

2.  Upon completing supplemental discovery, Plaintiff shall file a certification confirming compliance with the Magistrate Judge's order reopening discovery and setting the schedule, Doc. 182.

3.  Plaintiff's response to Defendant's motion for summary judgment, Doc. 130, shall be filed within fourteen (14) business days after Plaintiff files the certification of completion.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.